Opinion
VASEY, J.
The People appeal from an order of the trial court dismissing the case for delay in arraignment. The defendant was arrested at about 11:15 a.m. on Tuesday, July 15, 1969, for violating Vehicle Code section 23102, subdivision (a). The complaint was filed Wednesday, July 16. Defendant was not arraigned until Tuesday, July 22. According to the settled statement, “There was no affirmative showing of prejudice by the defendant as resulting from the delay, other than his confinement in custody due to the present charge.” Based on the delay in arraignment, motion on behalf of defendant for dismissal was granted, We reverse this order of dismissal.
Both sections 825 and 849 Penal Code direct that a defendant must be taken before a magistrate without unnecessary delay. Section 825 adds that this must be done in any event “within two days after his arrest, excluding Sundays and holidays.” This section is found in a chapter entitled, “The Warrant of Arrest.” Section 849, found in another chapter, contains a limitation making it applicable to an arrest made without a warrant.
Although the briefs discuss at length whether or not there was an unreasonable delay, we assume, for the purpose of this decision, that the delay *Supp. 9 was unreasonable. Clearly, it did exceed two days and it appears that the arrest was made without a warrant.
It is agreed in the briefs that no California cases have been found determining the law with regard to dismissal before trial for unreasonable delay between arrest and arraignment. Our research has revealed none. It is definitely the law that such delay does not permit a reversal on appeal from conviction unless there is a showing of prejudice to the defendant preventing a fair trial. (People v. Wilson (1963) 60 Cal.2d 139, 154 [32 Cal.Rptr. 44, 383 P.2d 452]; People v. Combes (1961) 56 Cal.2d 135, 142 [14 Cal.Rptr. 4, 363 P.2d 4]; People v. Stroble (1951) 36 Cal.2d 615, 626 [226 P.2d 330]; People v. Jackson (1960) 183 Cal.App.2d 562, 573 [6 Cal.Rptr. 884]; People v. Lollis (1960) 177 Cal.App.2d 665, 671 [2 Cal.Rptr. 420].)
Defendant properly concedes this dearth of authority. Our consideration of the case is simplified by his statement, “The threshold contention of the defendant (upon which this entire brief rests), is that a delay in arraignment is analogous, both in law and in fact, to a denial of a speedy trial.”
It is clear that delay in bringing a case to trial may be reached before trial without any showing of actual prejudice but that after trial a reversal may be obtained only if prejudice is shown depriving defendant of a fair trial. People v. Wilson, supra. The court arrives at this decision based on an analogy with cases holding that delay in arraignment does not require a reversal after conviction unless prejudice is shown.
To apply this rule, by analogy, to delay in arraignment, we must determine whether the critical act is the trial or the arraignment. Does the necessity of showing prejudice arise after arraignment or after trial. The Wilson case reasons that the purpose of the speedy trial requirement is, “ ‘to protect the accused from having criminal charges pending against him an undue length of time.’ ” (60 Cal.2d at p. 148, italics added.) After trial, nothing the court can do will achieve that end. “It is, very simply, too late for defendant to seek to be relieved of a delay that no longer exists.” (60 Cal.2d at p. 151.)
The same can well be said here. After arraignment, it is too late to seek relief from a delay which no longer exists.
There is no compelling reason why a delay in arraignment should relieve a defendant from prosecution. There is no statutory requirement for dismissal because of delay in arraignment. It is not one of the grounds for dismissal set forth in Penal Code section 1382.
It is our opinion that, whatever other remedies may be available to a *Supp. 10 defendant whose arraignment is unduly delayed, immunity from prosecution is not one of them.
Dismissal of a misdemeanor complaint under part 2, title 10, chapter 8 of the Penal Code gives immunity from further prosecution. (Pen. Code, § 1387.)
We do not discuss other remedies because they are not before us. Any discussion of a case not presented would constitute dictum and might be construed as an indication now of how the trial court should exercise its discretion in some future situation.
The order appealed from is reversed.
Whyte, P. J., concurred.