[Civ. No. 24054. Fourth Dist., Div. One. Feb. 6, 1981.]

RICHARD N., a Minor, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Michael London for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Henry R. Mann, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**STANIFORTH, J.**—Petitioner Richard N. (Richard), a minor, is the defendant in a juvenile proceeding under Welfare and Institutions Code section 602[1] based on the underlying misdemeanor offenses of resisting a public officer and disruption of the orderly operation of a school. (Pen. Code, §§ 148, 626.4.) He seeks a writ of prohibition to prevent his hearing under section 602 on the ground his rights to a speedy trial have been violated.

The facts show Richard was arrested February 26, 1980, as a result of an altercation with an officer of the National City Police Department when Richard allegedly caused a disturbance inside the school gym during a basketball game and refused to leave when asked. According to arresting Officer McQuillan, Richard was loud and belligerent and struggled with the officer when he tried to eject him. After his arrest Richard was released to his parents' custody. The matter was then referred to the probation department. On March 21, 1980, Ms. Shaffer of that department conducted an informal hearing concerning the incident. She concluded because Richard had no prior record, had a good attitude, an exceptional school record, was involved with athletics, and had a strong and supportive family, the charges should not be pressed and the matter should be handled as "counseled and closed," per section 653.

As the statute provides, Ms. Shaffer notified Richard of her decision and also attempted to notify National City police. However, although she testified she placed the notice to the police in the appropriate box for outgoing mail, the police department claims never to have received notice of her recommendation.

Section 655 in effect at that time of these events[2] provided after a complainant (here, the National City Police Department) has filed a

---

[1]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2]The statute provides: "(a) When any person has applied to the probation officer, pursuant to Section 653, to request commencement of juvenile court proceedings to

request with the probation department to take action against a juvenile, then if within 21 days the probation officer does not take a recommendation for prosecution to the district attorney's office, the complainant may nevertheless request the district attorney to take action provided he acts within 30 court days after the initial application to the probation department. The statute has since been changed (effective Jan. 1, 1981) to start the 30-day period running from the time the complainant has notice of the probation officer's recommendation, rather than from the date of initial application.

Here, the National City Police Department took no action within 30 days of its initial application to the probation department regarding Richard. However, about June 4, 1980, Richard filed a claim for civil damages against the police department based on the February 26 incident. The police denied the claim by letter on June 11. Then about July 24, 1980, Richard learned the district attorney's office was filing a section 602 petition against him at the request of the National City Police Department, and the petition was filed on that date. The trial court denied Richard's motion to dismiss the petition. This court has stayed the pending hearing in order to consider whether the prosecution violates Richard's rights to a speedy trial.

At the hearing on the motion to dismiss, Probation Officer Shaffer testified that on or about June 26 Officer McQuillan telephoned her and said he objected to an informal disposition of the matter and asked her how to appeal. She told him the procedure. He said he learned of the informal disposition because the parents had filed a lawsuit against the police department. Shaffer's notes made during this telephone call contained the statement, "Oddly, they probably would have left it alone if the parents had dropped the whole matter."

---

declare a minor a ward of the court under Section 602 and the probation officer does not cause the affidavit to be taken to the prosecuting attorney pursuant to Section 653 within 21 court days after such application, such person may, within 30 court days after making such application, apply to the prosecuting attorney to review the decision of the probation officer, and the prosecuting attorney may either affirm the decision of the probation officer or commence juvenile court proceedings.

"(b) When any person has applied to the probation officer, pursuant to Section 653, to commence juvenile court proceedings to declare a minor a dependent child of the court or a ward of the court under Section 601 and the probation officer fails to file a petition within 21 court days after such application, such person may, within 30 court days after making such application, apply to the juvenile court to review the decision of the probation officer, and the court may either affirm the decision of the probation officer or order him to commence juvenile court proceedings."

No evidence was offered on the issue of the prejudice to Richard from the delay in prosecution.

The trial court specifically ruled it accepted the testimony of Officer Davis of the National City Police Department that the request to the district attorney to prosecute Richard was not filed because Richard's parents had filed a civil case.

In denying the motion to dismiss, the trial court stated the failure of the police department to request action within 30 days was not the fault of the police department, but rather of the probation department in not succeeding in giving timely notice to the police. The court did not address the question of prejudice resulting from the delay.

### DISCUSSION

In general, the only statutory time limits applicable to a criminal indictment are the statutes of limitations for the charged offenses. Although there are numerous time limitations applicable to the trial procedure after arraignment, some of which mandate dismissal of the charges if the limits are not observed (e.g., Pen. Code, § 1382), it has been held prearraignment delays, even when in violation of statute, do not necessarily result in immunity from prosecution. The leading case is *People v. Valenzuela* (1978) 86 Cal.App.3d 427 [150 Cal.Rptr. 314], where it was held a more than two-day delay in taking the arrested person before a magistrate, although in violation of Penal Code section 825, did not entitle the defendant to dismissal unless he could show prejudice as a result of the illegal delay. The *Valenzuela* case cited *People v. Combes* (1961) 56 Cal.2d 135 [14 Cal.Rptr. 4, 363 P.2d 4], for that proposition, as well as an appellate department case, *People v. Morse* (1970) 4 Cal.App.3d Supp. 7 [84 Cal.Rptr. 703]. None of those cases, including *Valenzuela*, were juvenile matters.

In general, the question whether the right to a speedy trial has been violated, absent applicable statutory remedies, is decided by balancing the policy factors involved. These include, on the one hand, the loss to the People if they cannot bring the charges, which is generally a function of the seriousness of the charge; and on the other hand, the length of the delay, the reasons for it, the defendant's assertion of his right, and the specific prejudice to the defendant. (See *Barker v. Wingo*

(1972) 407 U.S. 514 [33 L.Ed.2d 101, 92 S.Ct. 2182].) Cases involving prearrest delay, which require this balancing of factors and a showing of prejudice to secure dismissal of the charges, discuss the factors which may indicate prejudice; however these factors, in the cases, are normally generally applicable adverse results of delay, such as impairment of witnesses' memories and increased difficulty in amassing defense evidence, which factors the court essentially finds from the length of the delay involved rather than from any evidentiary proof. (See, e.g., *Jones v. Superior Court* (1970) 3 Cal.3d 734 [91 Cal.Rptr. 578, 478 P.2d 10] (19 month prearrest delay); *People v. Hughes* (1974) 38 Cal.App.3d 670 [113 Cal.Rptr. 508] (prearraignment and pretrial delays of respectively 132 days and 250 days); *People v. Williams* (1977) 68 Cal.App.3d 36, 42 [137 Cal.Rptr. 70] (specific showing of prejudice consisting of a lineup without counsel).) ■ Violation of the constitutional speedy trial right (Cal. Const., art. I, § 15) may be based on intentional efforts to harass or oppress the defendant or simply the negligence of its officers. (*People v. Hannon* (1977) 19 Cal.3d 588, 609 [138 Cal.Rptr. 885, 564 P.2d 1203], holding also the California Constitution's guarantee of a speedy trial is broader than the federal (Sixth Amend. U.S. Const.) in that it extends, unlike the latter, to prearraignment delay.) Some cases indicate when the delay is purposeful, rather than negligent or excusable, no showing of prejudice is necessary. (See *People v. Archerd* (1970) 3 Cal.3d 615, 640 [91 Cal.Rptr. 397, 477 P.2d 421]; *United States v. Marion* (1971) 404 U.S. 307, 324 [30 L.Ed.2d 468, 480, 92 S.Ct. 455]; *People v. Hannon, supra,* 19 Cal.3d 588, 610, fn. 12.)

■ We consider the factors bearing on the delay here. First, we note the trial court has no basis for its conclusion the delay was the "fault" of the probation department rather than the police department. Because the time to ask the district attorney to prosecute ran from the date of the police department's complaint, the latter could have prevented the time from lapsing by establishing a tickler date of some 22 to 29 days after its complaint. On that date, it had but to ascertain whether the probation department had requested action be taken, and if not, to request such action of the district attorney on its own initiative. Thus there may have been concurrent negligence here by two departments but there is no showing of "fault" or of relatively greater blame. Further, even if there were such a showing, it would not be a relevant basis for the trial court to conclude Richard's speedy trial rights were not violated. Both the probation department and the police department

are government offices, and it would not matter which of these offices was negligent, or at fault, in balancing the relevant factors here. The negligence of either of them is a reason to conclude Richard's rights have been violated, that is, a weight on his side of the balance.

In his petition here, counsel for Richard makes an argument of factual prejudice. Because none of those facts are in the record before the trial court we cannot consider them. We note in general, however, delay is more prejudicial in a juvenile prosecution than an adult matter. The court in *In re Benny G.* (1972) 24 Cal.App.3d 371, 376 [101 Cal.Rptr. 28], referred to several sections of the Welfare and Institutions Code which in the court's opinion "indicate the Legislature's desire for a speedy adjudication of juvenile matters in order to minimize the minor's exposure to the potentially harmful effects of a quasi-criminal proceeding and to minimize his detention during such a proceeding." (*Id.*, at p. 376.) Clearly the time-limiting statute here in question, former section 655, is such a statute.

The charges here are not serious—a relevant factor. They are misdemeanors, and the probation officer recommended no action be taken. Even though the trial court has found the police department did not recommend action to punish Richard for filing a civil complaint, nevertheless we note the record is bereft of evidence showing real reasons why the police disagreed with the "counsel and close" recommendation, other than hearsay evidence consisting of Shaffer's testimony that arresting Officer McQuillan told her "this was a very aggravated case and the boy should go to court." The fact McQuillan waited until late June to contest the probation officer's recommendation suggests his perception of the aggravated nature of the case was something less than his aggravation at being the subject of a wrongful arrest lawsuit. Presumably, had he viewed the case as very serious, he would have taken some steps to remind himself of the deadline for complaint.

Neither vindictiveness nor its appearance has any place in the administration of criminal justice, especially in the juvenile system where the behavior of officials sets an example and may leave a lasting impression on the young. The trial court has found there was no vindictive motive here, but it can hardly erase the impression of official pettiness which is here apparent. Balancing the factors we have discussed, we conclude Richard's right to a speedy trial as protected by the Constitution of this state has been violated, and the charges against him must be dismissed.

Let a writ of prohibition ·issue preventing the trial of the minor Richard N. upon the charges here.

Brown (Gerald), P. J., and Cologne, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied April 7, 1981. Richardson, J., was of the opinion that the petition should be granted.