[No. B051921. Second Dist., Div. Three. Oct. 9, 1990.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JORGE C., a Minor, Real Party in Interest.

**COUNSEL**

Ira Reiner, District Attorney, Arnold T. Guminski and Martha E. Bellinger, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Marc Zilvrsmit and Sue Robin Pollock, Deputy Public Defenders, for Real Party in Interest.

**OPINION**

**THE COURT.**[*]—People request a writ of mandate vacating an order granting defendant Jorge C.'s (C.) motion to dismiss with prejudice the juvenile court petition filed against him, and allowing People to refile the charges. Because C. failed to make a showing of prejudice, the order dismissing the petition is error. Accordingly, we hold refiling of the charges is permitted and People's petition for writ of mandate is granted.

**DISCUSSION**

1. *Factual and Procedural Background*

A petition pursuant to Welfare and Institutions Code section 602 was filed against C., a minor, alleging that C. committed robbery with use of a knife. (Pen. Code, §§ 211; 12022, subd. (d).) On February 5, 1990, C. failed to appear and the matter was continued. On April 2, 1990, C. was arraigned on the petition and an adjudication was scheduled for May 11, 1990.

On April 11, 1990, C. was involved in a drive-by shooting, resulting in the filing of a second petition alleging two assault counts with use of a firearm. (Pen. Code, § 245, subd. (a)(2).)

On May 11, 1990, while C. was waiting in court for adjudication of the robbery petition, Detective John Thacker arrested C., taking him away from the courthouse. Thacker told Manuel Garcia, the prosecutor handling the assault petition, about the arrest but failed to tell Robert Knowles, the prosecutor handling the pending robbery petition. Garcia did not convey the information to Knowles. When C. failed to appear, the court, not

---

[*] Before Klein, P. J., Croskey, J., and Hinz, J.

having been informed of C.'s arrest, issued a warrant for C. and continued the adjudication on the robbery petition.

On May 18, 1990, the court held a prima facie case had been established as to the assault charges and ordered C. detained for the "protection of the community."

On June 4, 1990, C.'s motion to dismiss for violation of his right to due process of law and to speedy trial on the robbery petition was heard. The court granted the motion and dismissed the petition with prejudice.

## 2. *Applicable Case Law*

To determine whether a minor's right to a speedy adjudication[1] has been abridged, the court balances a number of factors. "These include, on the one hand, the loss to the People if they cannot bring the charges, which is generally a function of the seriousness of the charge; and on the other hand, the length of the delay, the reasons for it, the defendant's assertion of his right, and the specific prejudice to the defendant." (*Richard N. v. Superior Court* (1981) 116 Cal.App.3d 579, 584 [172 Cal.Rptr. 512].)

In *Richard N., supra*, 116 Cal.App.3d at page 586, the charges of creating a disturbance during a basketball game and struggling when ejected from the game were described as "not serious." The probation officer recommended no action be taken. However, the minor filed a lawsuit against the police over three months after the incident. The charges were then filed against the minor. Although the trial court found there was no vindictive motive in the filing of the charges, the appellate court commented on "the impression of official pettiness which is here apparent[,]" and described the police officer's "perception of the aggravated nature of the case was something less than his aggravation at being the subject of a wrongful arrest lawsuit." (116 Cal.App.3d at p. 586.) In weighing the relevant factors, the court, giving heavy weight to the "official pettiness," found the minor's right to a speedy trial had been violated and ordered the charges dismissed. (*Ibid.*)

C.'s reliance on *Richard N.* is misplaced. Here, there is no indication whatsoever that the arrest of C. and the failure to inform the court of that arrest was vindictive, the result of "official pettiness," or anything more than a police decision to immediately arrest a possibly dangerous felon and the negligent failure to communicate between the police and two deputy

---

[1] The 30-day period for hearing in a juvenile case begins when the minor is brought before the court on the warrant of arrest. (Welf. & Inst. Code, § 657, subd. (a)(2).) Here, the 30-day period began on April 2, 1990, but time was waived until May 11, 1990.

district attorneys who were each handling one of the two petitions filed against C.

■ The general rule is stated in *Neil G. v. Superior Court* (1973) 30 Cal.App.3d 572, 576 [106 Cal.Rptr. 505], which holds "juvenile court petitions dismissed without a hearing, because of a time problem, may be refiled and a new proceeding commenced thereon." *Neil G.* rejected the contention the juvenile court lost jurisdiction "merely because a deputy district attorney failed to subpoena the parents to be present at the continued hearing[.]" (*Id.* at p. 577.)

In *Alex T. v. Superior Court* (1977) 72 Cal.App.3d 24 [140 Cal.Rptr. 17], after the prosecutor announced he could not proceed because the crime laboratory had misplaced the evidence, the juvenile petition was dismissed without prejudice. Upon the refiling of the petition, the minor asserted an equal protection claim because the offense of glue sniffing would be a misdemeanor if filed in adult court and could not be refiled. *Alex T.* noted that the jurisdiction of the juvenile court is invoked where the minor has violated *any law.* (Welf. & Inst. Code, § 602.) "The procedural and substantive provisions of the Juvenile Court Law are, on the whole, precisely the same whether the law involved is a felony or a misdemeanor." (72 Cal.App.3d at p. 31, fn. omitted.)

*Alex T.* found the equal protection claim to be without merit and held the minor must make a showing of prejudice arising from the delay in order to maintain a claim his right to speedy trial was violated. (72 Cal.App.3d at p. 34.)

3. *Application Here*

■ Unlike the glue sniffing charge in *Alex T.*, the disturbance charge in *Richard N.*, or even the felony possession of controlled substance in *Neil G.*, the armed robbery charge against C. is a serious felony indicating C. may represent a danger to the community. In weighing the relevant factors, the nature of the charge must be given heavy weight. The delay caused by the negligent conduct of the People was approximately three weeks. The balancing of these factors does not weigh in favor of a dismissal with prejudice. It is difficult to imagine how C. could have been prejudiced in any way as he was retained on the second felony assault petition arising from the drive-by shooting, and there is no indication evidence on the armed robbery petition was lost. The trial court finding of prejudice to C. is not supported by any evidence whatsoever. The ruling appears to be based entirely upon the court's displeasure with the negligent conduct of the People in failing to inform the court of C.'s arrest, and not upon prejudice to C.

 The court has either misinterpreted, misapplied, or failed to follow the applicable authorities. Absent actual prejudice to C., the dismissal with prejudice is in excess of the court's jurisdiction. The juvenile court should not lose jurisdiction merely because a deputy district attorney failed to inform the court of C.'s arrest for a drive-by shooting. (See *Neil G., supra*, 30 Cal.App.3d at p. 577.)

The Juvenile Court Rules provide that when a petition is dismissed for failure to commence the hearing within the relevant time period, the order dismissing the petition "shall not in itself bar the filing of a subsequent petition commencing new proceedings based upon the same allegations as in the original petition[.]" (Cal. Rules of Court, rule 1485(e).) The same policy is set forth in *Neil G., supra*, 30 Cal.3d at pages 576-578. Where a delay has not resulted in prejudice to a defendant within the meaning of the balancing test, refiling of the charges is permitted. (See *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 440, fn. 8 [121 Cal.Rptr. 457, 535 P.2d 321].)

## DISPOSITION

Having notified the parties of our intention to grant a peremptory writ in the first instance, having received opposition, and having fully reviewed the record presented, we deem this an appropriate matter for issuance of a writ in the first instance. (See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let the peremptory writ of mandate issue directing the respondent court (1) to vacate the order dismissing with prejudice the Welfare and Institutions Code section 602 petition, alleging C. committed robbery with use of a deadly weapon, and (2) to enter an order dismissing the petition without prejudice, thereby allowing People to refile the charges.