TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | |
|---|---|
| OPINION | : |
| | : No. 96-203 |
| of | : |
| | : May 20, 1996 |
| DANIEL E. LUNGREN | : |
| Attorney General | : |
| | : |
| CLAYTON P. ROCHE | : |
| Deputy Attorney General | : |
| | : |

_____


THE HONORABLE LOUIS B. GREEN, COUNTY COUNSEL, EL DORADO COUNTY, has requested an opinion on the following question:

Does the Board of Supervisors of El Dorado County have the authority to approve or veto the appointment of a particular candidate for court commissioner selected by a majority of the judges of the superior court?

CONCLUSION

The Board of Supervisors of El Dorado County does not have the authority to approve or veto the appointment of a particular candidate for court commissioner selected by a majority of the judges of the superior court.

ANALYSIS

Section 70141.1 of the Government Code,[1] enacted in 1988 (Stats. 1988, ch. 196, § 1), provides as follows:

_____

[1] All section references are to the Government Code unless otherwise provided.

"In El Dorado County, a majority of the judges of the superior court, *subject to prior approval by the board of supervisors*, may appoint one or more commissioners up to one full-time equivalent.  The superior court may provide that the commissioner, in addition to the duties prescribed in section 259 of the Code of Civil Procedure, shall perform the duties of a probate commissioner appointed pursuant to section 69897 or any other duties authorized by law for a commissioner to perform.  The superior court may also authorize the commissioner to perform the duties of a juvenile court referee appointed pursuant to section 247 of the Welfare and Institutions Code.

"Any commissioner appointed pursuant to this section shall receive compensation pursuant to a contract approved annually by the board of supervisors. The presiding judge of the superior court shall specify the days, hours, and court locations for the commissioner.  Each commissioner shall also be allowed actual traveling expenses pursuant to section 70148."  (Italics added.)

We are asked whether this statute permits the board of supervisors to approve or veto a candidate for court commissioner selected by a majority of the judges of the superior court.  We conclude that the words "subject to prior approval by the board of supervisors" as used in section 70141.1 refer not to the approval of a particular candidate, but to the preliminary funding decision by the board of supervisors with respect to the position.

Section 22 of article VI of the Constitution provides:  "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."  Commissioners in superior courts have been constitutionally recognized since 1879.[2]

The general powers of a court commissioner are described in Code of Civil Procedure section 259:

"Subject to the supervision of the court every court commissioner shall have power to do all of the following:

---

[2]Article VI, section 14 of the Constitution of 1879 provided:

"The Legislature shall provide for the election of a Clerk of the Supreme Court, and shall fix by law his duties and compensation, which compensation shall not be increased or diminished during the term for which he shall have been elected.  The County Clerks shall be ex officio clerks of the courts of record in and for their respective counties, or cities and counties.  The Legislature may also provide for the appointment, by the several Superior Courts, of one or more commissioners in their respective counties, or cities and counties, with authority to perform chamber business of the Judges of the Superior Courts, to take depositions, and perform such other business connected with the administration of justice as may be prescribed by law."

As discussed below, court commissioners are also now authorized for municipal courts.  (§§ 72190-72192.)

"(a) Hear and determine ex parte motions, for orders and alternative writs and writs of habeas corpus in the superior court for which the court commissioner is appointed.

"(b) Take proof and make and report findings thereon as to any matter of fact upon which information is required by the court.  Any party to any contested proceeding may except to the report and the subsequent order of the court made thereon within five days after written notice of the court's action.  A copy of the exceptions shall be filed and served upon opposing party or counsel within the five days.  The party may argue any exceptions before the court on giving notice of motion for that purpose within 10 days from entry thereof.  After a hearing before the court on the exceptions, the court may sustain, or set aside, or modify its order.

"(c) Take and approve any bonds and undertakings in actions or proceedings, and determine objections to the bonds and undertakings.

"(d) Administer oaths and affirmations, and take affidavits and depositions in any action or proceeding in any of the courts of this state, or in any matter or proceeding whatever, and take acknowledgments and proof of deeds, mortgages, and other instruments requiring proof or acknowledgment for any purpose under the laws of this or any other state or country.

"(e) Act as temporary judge when otherwise qualified so to act and when appointed for that purpose, or by written consent of an appearing party.  While acting as temporary judge the commissioner shall receive no compensation therefor other than compensation as commissioner.

"(f) Hear and report findings and conclusions to the court for approval, rejection, or change, all preliminary matters including motions or petitions for the custody and support of children, the allowance of temporary spousal support, costs and attorneys' fees, and issues of fact in contempt proceedings in proceedings for support, dissolution of marriage, nullity of marriage, or legal separation.

"(g) Hear actions filed by the district attorney to establish paternity and to establish or enforce child support pursuant to Section 640.1.

"(h) Hear, report on, and determine all uncontested actions and proceedings subject to the requirements of subdivision (e).

"(i) Charge and collect the same fees for the performance of official acts as are allowed by law to notaries public in this state for like services.  This subdivision does not apply to any services of the commissioner, the compensation for which is expressly fixed by law.  The fees so collected shall be paid to the treasurer of the county, for deposit in the general fund of the county.

"(j) Provide an official seal, upon which must be engraved the words "Court Commissioner" and the name of the county, or city and county, in which the commissioner resides.

"(k) Authenticate with the official seal the commissioner's official acts."

A court commissioner's duties have been judicially examined in various contests. (See *In Re Horton* (1991) 54 Cal.3d 82, 90; *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351, 361-362; *In Re Courtney* (1995) 38 Cal.App.4th 1221, 1222-1225; *Loeb & Loeb* v. *Beverly Glen Music, Inc.* (1985) 166 Cal.App.3d 1110, 1120-1121; see also 67 Ops.Cal.Atty.Gen. 162 (1984).)

Although section 70141.1 is applicable only to El Dorado County, the Legislature has enacted section 70141, applicable to the appointment of court commissioners in virtually all counties.[3] Section 70141 states:

"(a) To assist the court in disposing of its business connected with the administration of justice, the superior court of any city and county may appoint not exceeding 10 commissioners, and the superior court of every county, except a county with population of 4,000,000 or over, may appoint one commissioner. Each person so appointed shall be designated as court commissioner of the county.

"(b) In addition to the commissioners authorized by subdivision (a) or any other provision of law, either the superior court or the municipal court, but not both, of any county or city and county may appoint one additional commissioner, at the same rate of compensation as the other commissioner of commissioners for that court, upon adoption of a resolution by the board of supervisors pursuant to subdivision (c).

"(c) The county or city and county shall be bound by, and the resolution adopted by the board of supervisors shall specifically recognize, the following conditions:

"(1) The county or city and county has sufficient funds for the support of the position and any staff who will provide direct support to the position, agrees to assume any and all additional costs that may result therefrom, and agrees that no state funds shall be made available, or shall be used, in support of this position or any staff who provide direct support to this position.

"(2) The additional commissioner shall not be deemed a judicial position for purposes of calculating trial court funding pursuant to Section 77202.

---

[3]The only county excluded from the general terms of section 71041, Los Angeles County with a population in excess of 4,000,000 (§ 28020), is authorized to appoint 61 court commissioners by "a majority of the judges of the superior court" (§ 69894.1).

"(3) The salary for this position and for any staff who provide direct support to this position shall not be considered as part of court operations for purposes of Sections 77003 and 77204.

"(4) The county or city and county agrees not to seek funding from the state for payment of the salary, benefits, or other compensation for such a commissioner or for any staff who provide direct support to such a commissioner.

"(d) The court may provide that the additional commissioner may perform all duties authorized for a commissioner of that court in the county.  In a county or city and county that has undertaken a consolidation of the trial courts, the additional commissioner shall be appointed by the superior, municipal, or justice courts pursuant to the consolidation agreement."[4]

In addition to section 70141.1 applicable to El Dorado County, the Legislature has enacted specific provisions regarding superior court commissioners in other counties.  (§§ 70141.2-70141.13.)   One of these statutes, section 70141.9, is applicable to Riverside County and contains language similar to the language at issue herein.

Accordingly, since 1879 the Constitution has authorized court commissioners to be appointed by the courts and not by boards of supervisors.  Since 1880 the Legislature has uniformly authorized commissioners for the superior courts to be appointed by judges and not by boards of supervisors.   The only possible statutory exceptions are sections 70141.1 and 70141.9.

As to commissioners authorized for the municipal courts, section 72192 makes the judges the sole appointing power:

"Whenever the appointment of a commissioner or jury commissioner is authorized by law, he shall be appointed by and hold office at the pleasure of a majority of the judges or the judge senior in service when there is an equal division of the judges.  He shall be a member of any retirement system which includes municipal court attaches."

With this constitutional and statutory background in mind, we return to the language of section 70141.1 and the construction of the phrase "subject to prior approval by the board of supervisors."  Two interpretations are possible.  One is that the board of supervisors is to approve the

---

[4]This statute can be traced back to former Code of Civil Procedure section 258, enacted in 1880, which provided:

"The Superior Court of every city and county in the State may appoint six Commissioners, to be designated each as 'Court Commissioner' of such city and county; and the Superior Court of every other county in the State may appoint one Commissioner, to be designated as 'Court Commissioner' of such county.  Such Commissioners shall be citizens of the United States, and residents of the city and county, or county, in which they are appointed, and hold offices during the pleasure of the Courts appointing them."

candidate chosen by the judges. The other is that the board of supervisors must first approve funding for the position as a budgetary matter.

If we were to choose the first construction mentioned above, section 71041.1 would be of doubtful constitutionality. This is so since to give the board of supervisors confirmation or veto power of the court's candidate would in effect make the board the joint appointing power. (Cf. *Wetherbee* v. *Cazneau* (1862) 20 Cal. 503, 507; *Harrington* v. *Pardre* (1905) 1 Cal.App. 278.) The Constitution, however, requires that the "trial courts" are to be the appointing power. (Cal. Const., art. VI, § 22.)

Where two constructions of a statute are possible, one which will render the statute unconstitutional or of doubtful constitutionality, and the other which will sustain its validity, we choose the construction which will uphold the validity of the statute. (See *Anderson* v. *Superior Court* (1995) 11 Cal.4th 1152, 1166; *People* v. *Davenport* (1985) 41 Cal.3d 247, 264; *Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 147-148; *Rowe* v. *Superior Court* (1993) 15 Cal.App.4th 1711, 1722.) Hence, the second proposed construction, that the role of the board of supervisors is to authorize funding of the position of court commissioner, is the proper one here.

Furthermore, statutes should not be read in isolation. "The words of a statute must be construed in context, keeping in mind the statutory purpose, and statutes relating to the same subject must, to the extent possible, be harmonized, both internally and with each other. [Citation.]" (*Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 746-747; see *In Re Catalono* (1981) 29 Cal.3d 1, 10-11; *In Re Robert B.* (1995) 39 Cal.App.4th 1816, 1822-1823.) Accordingly, section 71041.1 is to be harmonized with the other statutes relating to the appointment of court commissioners which can be traced back to 1880, and which make the judges the sole appointing power of court commissioners.

Finally, we have examined the legislative history of section 70141.1, and nothing therein suggests that the board of supervisors is to have approval or veto power over the selection of a particular court commissioner. The report of the Senate Committee on Judiciary for its hearing of May 24, 1988, for example, indicates that the phrase "subject to prior approval by the board of supervisors" relates to the budgetary matter of setting the compensation "by a yearly contract negotiation, and not automatically adjustable by an annual COLA."

We conclude that the Board of Supervisors of El Dorado County does not have the authority to approve or veto the appointment of a particular candidate for court commissioner selected by a majority of the judges of the superior court.[5]

\* \* \* \* \*

---

[5]We note parenthetically that this is also the construction given to section 70141.9 by county and court officials in Riverside County.