Filed 6/26/13  P. v. Thomas CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057857 |
| v. | (Super.Ct.No. FBA1100153) |
| AARON HOWARD THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Victor R. Stull, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant Aaron Howard Thomas was charged with violations of Penal Code section 209, subdivision (b)(1)[1] (kidnapping to commit another crime – count 1); section 211 (robbery – count 2); section 245, subdivision (b) (assault with a semiautomatic firearm – counts 3, 4, 5, 6, and 7); and section 182, subdivision (a)(1) (conspiracy to commit a crime – count 8). The information alleged that in connection with counts 1 and 2 defendant personally used a firearm within the meaning of section 12022.53, subdivision (b), causing the offenses to become serious and violent felonies. The information also alleged as to counts 3 through 7, that defendant personally used a firearm within the meaning of section 12022.5, subdivisions (a) and (d). The information also alleged one strike prior, within the meaning of sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d), and two prison priors within the meaning of section 667.5, subdivision (b).

Defendant entered a plea of not guilty and denied the special allegations. Thereafter, the court granted defendant's motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After the appointment of new counsel, defendant entered into a plea agreement. Under the agreement, defendant pleaded no contest to count 2 (robbery of Francisco Hernandez) and admitted the gun use enhancement alleged under section 12022.53, subdivision (b), and the strike allegation. In return, the parties agreed that defendant would receive a term of 16 years in state prison and that the remaining counts and allegations would be dismissed. Defendant was advised that he would receive

---

[1] All further statutory citations refer to the Penal Code.

conduct credits limited to 85 percent, and the parties agreed to the presence credits. The parties also stipulated that no motor vehicle was used in the commission of the crime.

The court advised defendant that the offense he was pleading to was a strike. The court determined that defendant waived his constitutional trial rights and entered his plea freely, voluntarily and intelligently. It imposed the agreed-upon sentence and credits and imposed the mandatory court security and crime prevention fees and a restitution fine in the amount of $308.

Defendant filed a timely notice of appeal, and filed a subsequent notice of appeal (also timely) indicating that he was challenging the sentence or other matters occurring after entry of the plea.

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.)

We have examined the entire record and have found no sentencing error, nor any other postplea error. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

In reaching this conclusion, we examined several matters mentioned by appointed counsel but not argued. We conclude that the record shows that defendant entered his guilty plea willingly, knowingly and intelligently, after proper advisement of the terms and consequences of the proposed plea, and that there was an adequate factual basis for the plea found in the transcript of the preliminary hearing, as stipulated by the parties. We note,

3

however, that in the absence of a certificate of probable cause, any issues pertaining to the validity of the plea are not cognizable on appeal in any event. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

Defendant separately filed a supplemental brief. In it, he appears to contend that he was entitled to have the charges dropped because he was charged in an information filed on March 24, 2011, but was not arraigned until March 30, 2011. He contends that by failing to investigate and challenge the belated arraignment, his trial counsel failed to provide the competent representation to which defendant is entitled under the state and federal constitutions. (*People v. Pope* (1979) 23 Cal.3d 412, 424-426.)

Although a defendant has a statutory right to arraignment "without unnecessary delay, and, in any event, within 48 hours after his or her arrest" (§ 825), there is no statutory or constitutional time limit as to when a defendant must be arraigned on the information, following a preliminary hearing. Rule 4.110(2) of the California Rules of Court provides the arraignment on the information must be held on the date the information is filed "or as soon thereafter as the court directs." Here, at the conclusion of the preliminary hearing, the court held defendant and his codefendants to answer and set the arraignment for March 30, 2011, at the request of the deputy district attorney, to allow him time to engage in some research to determine the appropriate charges. Defendant did not object, and he does not contend that the six-day gap between the filing of the information and the arraignment was prejudicial. In the absence of prejudice, a delay in the arraignment on the information does not warrant any remedy. (*Lozoya v. Superior Court* (1987) 189 Cal.App.3d 1332, 1345; *People v. Morse* (1970) 4 Cal.App.3d Supp. 7, 8-10.)

4

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P.J.

We concur:

RICHLI

        J.

KING

        J.

5